# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.J. BRUBAKER, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**COLBURN C. ATKINSON**
**PRIVATE (E-1), U.S. MARINE CORPS**

**NMCCA 201400284**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 5 May 2014.
**Military Judge:** LtCol C.M. Greer, USMC.
**Convening Authority:** Commanding Officer, Headquarters and
Support Battalion, Marine Corps Installations-East, Marine
Corps Base, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** LtCol M.D. Hale,
USMC.
**For Appellant:** CDR Boyce A Crocker, JAGC, USN.
**For Appellee:** Maj Tracey Holtshirley, USMC; Capt Cory A.
Carver, USMC.

**26 March 2015**

---
**PUBLISHED OPINION OF THE COURT**
---

HOLIFIELD, Judge:

A military judge, sitting as a special court-martial,
convicted the appellant, consistent with his pleas, of one
specification each of unauthorized absence and larceny of
government property in excess of $500.00, in violation of
Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C.
§§ 886 and 921. The military judge sentenced the appellant to
six months' confinement, a $501.00 fine, and a bad-conduct

discharge.  The convening authority (CA) approved the adjudged sentence and ordered it executed.[1]

The appellant raises one assignment of error, arguing that the military judge erred in denying the appellant credit for pretrial confinement in a civilian facility.  We disagree.

After careful consideration of the record of trial and the parties' pleadings, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant was originally charged with violations of Articles 81, 121 and 134, UCMJ, on 15 May 2012.  These charges related to a 2009 sham marriage by which the appellant obtained housing allowances to which he was not entitled.  He was not placed in pretrial confinement.  While these charges were pending adjudication, the appellant absented himself without authority from his unit on 2 July 2012.  On 12 July 2012, the previously preferred charges were withdrawn and dismissed without prejudice.  Shortly thereafter, on 15 August 2012, the appellant was declared a deserter and a warrant was issued for his arrest.  The appellant remained absent until apprehended by agents of the Naval Criminal Investigative Service and local law enforcement, pursuant to the deserter warrant, on 27 May 2013.  He was immediately confined at the New Hanover Detention Facility (NHDF), located approximately one hour from the appellant's unit on board Camp Lejeune, North Carolina.  He remained at the NHDF for 62 days, despite his unit knowing he was there and available for pick up.  No review of the appellant's confinement, as required by RULE FOR COURTS-MARTIAL 305, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), was ever conducted.

The appellant was released to his unit on 27 July 2013 and was not restrained upon his return to Camp Lejeune.  The appellant subsequently accepted nonjudicial punishment (NJP) for the nearly-eleven-month unauthorized absence (UA).  On 13 August 2013, the appellant was awarded 60 days' restriction and forfeiture of half his pay for two months (with the forfeitures suspended).  When deciding to address the lengthy UA period via NJP – rather than referring charges to a court-martial - the

---

[1] To the extent the CA's action purports to execute the bad-conduct discharge, it is a legal nullity.  *United States v. Bailey*, 68 M.J. 409 (C.A.A.F. 2009).

appellant's commanding officer specifically considered the appellant's pretrial confinement at the NHDF. The appellant did not appeal his NJP.

Six months later, in February 2014, the appellant again absented himself from his unit without authorization. This month-long UA period was terminated by apprehension on 21 March 2014.

The charges to which the appellant pleaded guilty, and that are currently before this court, were preferred on 10 April 2014 and 15 April 2014. The charges, in part, reflect those previously preferred, withdrawn, and dismissed; they do not include the 2 July 2012 to 27 May 2013 UA period. The appellant entered unconditional pleas of guilt to two of these charges.

At trial, the defense sought additional confinement credit based on the appellant's confinement at the NHDF, offering four bases: first, that the appellant was entitled to day-for-day credit for pretrial confinement in the hands of civil authorities, citing, generally, *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984); second, that the failure to review his confinement under R.C.M. 305 merited an additional 60 days' credit; third, that the appellant's confinement in immediate association with foreign nationals violated Article 12, UCMJ, and required two-for-one credit; and, fourth, that the confinement constituted unlawful pretrial punishment, and its unnecessarily rigorous nature warranted ten-for-one credit.

After hearing argument on the motions, the military judge issued extensive findings of fact and conclusions of law. He ultimately found no connection between the appellant's confinement at the NHDF and the current court-martial and, therefore, denied the motion for additional confinement credit. Despite this, the military judge expressed concern over the Government's lack of explanation why the appellant languished in a civilian jail for two months, stating he would "consider the circumstances of this confinement, along with the lackluster forward progress of this case towards adjudication, along with the other service history evidence in [his] sentencing deliberation."[2]

Additional facts necessary to address the assignment of error are provided below.

---

[2] Appellate Exhibit X at 5.

**Discussion**

We defer to the military judge's findings of fact unless those findings are clearly erroneous. *United States v. King,* 61 M.J. 225, 227 (C.A.A.F. 2005). We review both the military judge's application of those facts to the law, *id.*, and the question whether the appellant was entitled to pretrial confinement credit *de novo, United States v. Smith*, 56 M.J. 290, 293 (C.A.A.F. 2002).

1. *Lawful pretrial confinement credit*

The appellant argues that *Allen* requires day-for-day credit for his confinement at NHDF.[3] We disagree. In *Allen*, the Court of Military Appeals (CMA) read Department of Defense Instruction (DoDI) 1325.4 (October 7, 1968) "as voluntarily incorporating the pre-sentence credit extended to other Justice Department convicts" and, therefore, held that Federal sentence computation procedures were applicable to courts-martial. *Allen*, 17 M.J. at 128. This reading of DoDI 1325.4 is the sole basis for what trial practitioners for the past 30 years have called "*Allen* credit."[4]

The body of applicable directives and instructions has evolved in the three decades since *Allen*. The current version is DoDI 1325.07 (March 11, 2013), which removes the reference to the Department of Justice procedures. In its place, the instruction requires that "[s]entence computation shall be

--------

[3] The appellant states "the military judge denied all requested relief for pretrial credit." Appellant's Brief of 28 Oct 2014 at 8. Whether it is for the military judge or the CA to order *Allen* credit is not an issue we need address. For the sake of this analysis, we will consider the alleged error here as a general denial of such credit, regardless of what authority denied it.

[4] These Federal procedures, now found in 18 U.S.C. § 3585, require that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

If DoDI 1325.4 was still in effect, applying this requirement to the facts of the present case would indicate the appellant was entitled to credit for the time spent at NHDF.

4

calculated [in accordance with] DoD 1325.7-M," the DoD Sentence Computation Manual (July 27, 2004).[5] DoD 1325.7-M requires that prisoners receive "all sentence credit directed by the military judge," and that military judges "will direct credit for each day spent in pretrial confinement . . . **for crimes for which the prisoner was later convicted.**"[6]  Additionally, DoDI 1325.07 specifically states under the heading "SENTENCE COMPUTATION":

> Notwithstanding any other provision of this instruction or [the DoD Sentence Computation Manual], if a prisoner (accused) is confined in a non-military facility for a charge or offense for which the prisoner had been arrested after the commission of the offense for which the military sentence was imposed, the prisoner (accused) shall receive no credit for such time confined in the non-military facility when calculating his or her sentence adjudged at court-martial.[7]

Accordingly, day-for-day credit is generally due in the military justice system, but for a range of offenses narrower than that applicable to Federal prisoners.  The offenses of which the appellant stands convicted at court-martial fall outside that range.  As the holding in *Allen* rested on its reading of DoDI 1325.4, and the version of that instruction in effect at the time of the appellant's trial does not require (or even allow) credit for pretrial confinement at non-military facilities for unrelated offenses, we find *Allen* inapplicable in this case. Accordingly, we find the military judge did not err in denying credit for lawful pretrial confinement.

2.  *Administrative credit for illegal pretrial confinement*

R.C.M. 305(j) provides that a military judge may review the propriety of pretrial confinement "[o]nce *the charges for which the accused has been confined* are referred to trial."  (Emphasis added.)  The threshold question, then, is whether the appellant's confinement at the NHDF was related to the charges subsequently referred to trial in this case.

The military judge found, *inter alia*, that:

---

[5] DoDI 1325.07 at ¶ 3a.

[6] DoD 1325.7-M at ¶ C2.4.2 (emphasis added).

[7] DoDI 1325.07 at ¶ 3c.

5

- "No pretrial restraint was imposed in connection with [the 15 May 2012] charges."[8]

- "The [appellant] absented himself from his unit . . . prior to adjudication of the 15 may [sic] 2012 charges."[9]

- "On 12 July 2012 the 15 May 2012 charges were withdrawn and dismissed without prejudice . . . ."[10]

- The appellant "was placed in the [NHDF] pursuant to the military deserter warrant" and the "booking documents list no other pending military charges."[11]

- "There is no evidence the [appellant] made any complaint through administrative means . . . about the NHDF confinement."[12]

- "No restraint was imposed on the [appellant] after he was returned to Camp Lejeune on 27 July 2013."[13]

- The unit commander "considered the circumstances of the NHDF confinement in making his decision to adjudicate the lengthy UA period . . . at the [Battalion] NJP level."[14]

- "On 10 April 2014 the current charges were preferred" and "[o]n 15 April 2014, additional charges . . . were preferred."[15]

---

[8] AE X at 1.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 2.

[12] *Id.* at 3

[13] *Id.*

[14] *Id.*

[15] *Id.*

Based on these facts, the military judge concluded that the charges related to the NHDF confinement were "not related or connected to this court-martial" and the adjudication of the UA at NJP "extinguished any further basis for relief or pretrial confinement credit from this Court."[16]  Therefore, the military judge continued, the underlying claims offered to support additional relief were moot.

We find each of the military judge's findings of fact to be supported by the record and not clearly erroneous.  Likewise, we find no error in the military judge's application of the facts to the language of R.C.M. 305(j).  Accordingly, we find that the 2 July 2012 to 27 May 2013 UA period was independent of both the 10 April 2014 charges and the 15 April 2014 additional charges.[17] The misconduct that resulted in the appellant's stay at the NHDF was adjudicated during a period in which no other charges were pending, and was in no way related to the charges before the court-martial.  Charges concerning the 2 July 2012 to 27 May 2013 UA – for which the appellant was confined at the NHDF – were not referred to trial.  Thus, the court-martial lacked jurisdiction to address the appellant's request for administrative credit based on R.C.M. 305(j)(2) and (k).

While we share the military judge's concerns regarding the Government's lack of action when informed the appellant was being held at the NHDF, the military judge had no authority to address issues not directly relating to the case before him. The Supreme Court has stated that "military judges do not have any 'inherent judicial authority separate from a court-martial to which they have been detailed. When they act, they do so as a court-martial, not as a military judge. Until detailed to a specific court-martial, they have no more authority than any other military officer of the same grade and rank.'" *Weiss v. United States*, 510 U.S. 163, 175 (1994) (quoting *United States v. Weiss*, 36 M.J. 224, 228 (C.M.A. 1992)).  No matter how egregious the Government's mishandling of the appellant's confinement at the NHDF, its lack of connection to the court-martial to which the military judge was detailed left the military judge with no authority to grant a remedy.

---

[16] *Id*. at 4.

[17] Although the appellant absented himself while the 15 May 2012 charges were pending, we conclude this does not establish a connection to the "re-preferred" charges ultimately referred to trial.

The appellant did, however, have numerous remedial avenues available to him during and after his incarceration at the NHDF (e.g., petitioning for relief through his chain of command,[18] requesting a Congressional inquiry, complaining to the Inspector General, appealing his NJP); yet he apparently chose not to avail himself of them.[19] His failure to do so, and resulting belief that he has not been adequately compensated for any mistreatment, does not create judicial review authority where it does not otherwise exist.

Finally, aside from the jurisdictional question, we note that the appellant *has* received consideration for his period of civilian confinement in at least three ways. First, his commanding officer weighed the confinement in deciding to resolve a nearly year-long UA terminated by apprehension through the imposition of NJP. Second, the punishment the appellant received for that serious offense was significantly lower than the maximum he could have received. And, third, the military judge considered the NHDF confinement in fashioning a sentence that is arguably lenient in light of the appellant's extensive, continuing misconduct and multi-year theft from the United States. Even assuming the military judge had the authority to grant further credit, the fact the appellant has received consideration for his civilian confinement on three occasions leaves us little reason to believe he merits a fourth.

## Conclusion

The findings and the sentence, as approved by the CA, are affirmed.

Senior Judge MCFARLANE and Senior Judge BRUBAKER concur.

For the Court

R.H. TROIDL
Clerk of Court

---

[18] Pursuant to Article 138, UCMJ.

[19] AE X at 3.

8