# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant MICHAEL E. HARRIS**
**United States Army, Appellant**

ARMY 20170100

Headquarters, United States Army Garrison, Fort Meade
Daniel G. Brookhart, Military Judge
Lieutenant Colonel Tyesha L. Smith, Staff Judge Advocate

For Appellant:  Major Brendan R. Cronin, JA; Captain Meghan E. Mahaney, JA (on brief); Captain Patrick G. Hoffman, JA; Captain Meghan E. Mahaney, JA (on reply brief).

For Appellee:  Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Major Meghan Peters, JA (on brief).

13 July 2018

---------------------------------
OPINION OF THE COURT
---------------------------------

FEBBO, Judge:

This case is before us for review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. 866 [UCMJ].[1]  Appellant asserts the military judge erred

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of desertion, in violation of Article 85, UCMJ and three specifications of possessing child pornography in violation of Article 134, UCMJ.  The military judge sentenced appellant to a bad-conduct discharge, confinement for five years, and reduction to the grade of E-1.  The military judge granted appellant 191 days of confinement credit.  The convening authority approved the adjudged sentence.

in denying appellant's request for 291 days of *Allen*[2] credit arising from his confinement by the state of Florida.

The military judge found the appellant was confined by the state of Florida, pending his charges there, because of his offense of failure to appear in Florida court. Appellant contends the military judge's finding, as to the reason for appellant's pretrial confinement, was clearly erroneous. We determine the military judge's finding was not clearly erroneous. As such, and in light of the controlling Department of Defense Instruction, the military judge did not err when he denied appellant's request for 291 additional days of *Allen* credit.

## BACKGROUND

In 2013, as part of an internet pornography investigation, the Florida Department of Law Enforcement executed a search warrant of appellant's home. Appellant was arrested by the state of Florida, which charged him with forty-four counts of possessing child pornography.[3] Appellant was free on bond awaiting his trial for these offenses.

In January 2014, appellant fled to Cambodia. Appellant failed to appear for a pretrial hearing in the Florida criminal court and his bond was forfeited.

Appellant intended to remain away permanently. Using skills learned as a Military Police officer and military dog handler, he obtained a job as a dog trainer in Cambodia. After an article about him was published in an English-language newspaper and a reward was offered for his capture, appellant surrendered to Cambodian authorities.

After spending a week in a Cambodian jail, appellant was escorted by U.S. Marshalls from Cambodia and returned to military control in Japan on 5 November 2014. The U.S. Marshalls and a CID agent brought appellant back to Florida. On 6 November 2014, since his bond had been forfeited, he was placed in civilian confinement. The military did not request the state of Florida to confine appellant. The appellant was charged with failure of a defendant on bail to appear, a felony under Florida law. Fla. Stat. § 843.15(a) (2018).

---

[2] This term refers to day-for-day credit toward appellant's sentence for lawful pretrial confinement. *See United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

[3] If convicted of the 44 counts under Florida law, at 5 years confinement per count, appellant would have been subject to up to 220 years confinement. *See* Fla. Stat. §§ 827.071(5)(a), 775.082(3)(e).

Appellant remained in civilian pre-trial confinement for approximately 22 months. On 22 August 2016, the Florida state's attorney agreed to *nolle prosequi*, or "not pursue" the child pornography charges due to an inability to secure a key witness. Appellant agreed not to contest the remaining failure to appear charge— and therefore entered a *nolo contendre* plea—in exchange for a sentence recommendation from the prosecutor for 364 days in jail with credit for time served.

After appellant's conviction, he was detained in Florida, until he was transported back to his unit at Fort Meade on 31 August 2016. Appellant was placed under restriction. On 4 October 2016, appellant was charged with desertion and possession of child pornography and ordered into pretrial confinement.

On 22 February 2017, appellant pleaded guilty to all charges. The military judge awarded appellant 191 days of confinement credit.[4] Appellant requested an additional 291 days credit for the period of time appellant spent in pretrial confinement in Florida that was in excess of his 364 day sentence for the failure to appear charge.[5] Based on Department of Defense Instruction 1325.07, Administration of Military Correctional Facilities and Clemency and Parole Authority [DoDI 1325.07], (11 Mar. 2013), the military judge denied appellant's request for the additional 291 days of pretrial confinement by the state of Florida because the military judge found appellant was confined by the state of Florida because of his failure to appear.

---

[4] The military judge awarded 8 days credit for the time appellant was held in a Cambodian jail and transported back to Florida, 9 days credit for the time appellant was held by the state of Florida for the military after his civilian plea of no contest, 33 days credit for restrictions tantamount to confinement while at his Fort Meade unit, and 141 days for the time appellant spent in military pretrial confinement.

[5] At trial, one of appellant's arguments was that he should receive sentence credit the same as if he were in the Federal civilian system. Even if there is a superficial appeal to that argument, "[s]entencing procedures in Federal civilian courts can be followed in courts-martial only to a limited degree." Rule for Courts-Martial 1001 analysis at A21-71. Federal sentencing includes more mandatory minimum sentences, sentencing guidelines, and much different pre-sentencing procedures than used at courts-martial. Further, in the civilian Federal system, judges do not award sentence credit at trial. The Bureau of Prisons calculates appropriate sentence credit later. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992).

**LAW AND DISCUSSION**

We review the question of whether the appellant was entitled to pretrial confinement credit *de novo*. *United States v. Smith*, 56 M.J. 290, 292 (C.A.A.F. 2002). Unless they are clearly erroneous, we defer to a military judge's findings of fact but review the military judge's application of those facts to the law *de novo*. *United States v. Harris*, 66 M.J. 166, 168 (C.A.A.F. 2008).

In addressing appellant's assigned error, we must answer two questions. First, is appellant entitled to *Allen* credit as a matter of law. Second, if not entitled to *Allen* credit, should this court provide appellant with relief under our Article 66(c) review.

Appellant argues that *Allen* requires day-for-day credit for 291 additional days of civilian confinement in Florida as a matter of law. We disagree.

*The Current Law*

In conducting our de novo review of the law, this court finds persuasive the analysis and holding of a Navy-Marine Corps Court of Criminal Appeals (NMCCA) case addressing this issue. In *United States v. Atkinson*, the NMCCA held that *Allen* was inapplicable because DoDI 1325.07, "does not require (or even allow) credit for pretrial confinement at non-military facilities for unrelated offenses." 74 M.J. 645, 648 (N-M. Ct. Crim. App. 2015), *rev. denied*, 75 M.J. 20 (C.A.A.F. 2015).

Prior to our superior court's decision in *Allen*, "a military accused who had served a period of pretrial confinement was not entitled to administrative credit against his adjudged confinement." *United States v. DeLeon*, 53 M.J. 658, 659 (Army Ct. Crim. App. 2000). In *Allen*, our superior court interpreted Department of Defense Instruction 1325.4, Treatment of Military Prisoners and Administration of Military Correction Facilities [DoDI 1325.4], (7 Oct. 1968),[6] "as voluntarily incorporating the pre-sentence credit" procedures employed by the Department of Justice (DOJ) for sentence computation. *Allen*, 17 M.J. at 128. As a result, the *Allen* court held that these Federal procedures[7] applied to courts-martials. *Id*. "This

---

[6] DoDI 1325.4, stated "procedures employed in the computation of sentences will be in conformity with those published by the [DOJ], which govern the computation of sentences of Federal prisoners and military prisoners under the jurisdiction of the [DOJ]." DoDI 1325.4, p. 22.

[7] The relevant part of these Federal procedures, now found in 18 U.S.C. § 3585, require a defendant be given confinement credit, "as a result of any other charge *for*

(continued . . .)

4

reading of DoDI 1325.4 is the sole basis for what trial practitioners for the past 30 years have called 'Allen credit.'" *Atkinson*, 74 M.J. at 647.

As discussed in *Atkinson*, the DoD instructions have changed dramatically since *Allen*. DoDI 1325.4 is no longer in effect, and has been replaced by DoDI 1325.07. We agree with the *Atkinson* court's analysis of the current status of DoD policy on this issue, and find we must apply the current DoDI to compute sentencing credit, not the DoDI that existed when *Allen* was decided.

*Plain Language*

We begin our interpretation of DoDI 1325.07 where all such interpretation must begin—with the plain language of the text. *See e.g. United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989).

DoDI 1325.07 does not contain the reference to following DOJ procedures formerly found in DoDI 1325.4. Instead, the current instruction requires that "[s]entence computation shall be calculated [in accordance with] DoD 1325.7-M." DoDI 1325.07, para. 3.a. DoD 1325.7-M, DoD Sentence Computation Manual [DoD 1325.7-M], (27 Jul. 2004), requires that prisoners receive "all sentence credit directed by the military judge," and that military judges "will direct credit for each day spent in pretrial confinement . . . for crimes for which the prisoner was later convicted." DoD 1325.7-M, para. C2.4.2.

Critically, however, DoDI 1325.07 states:

> *Notwithstanding any other provision of this instruction or [DoD 1325.7-M]*, if a prisoner (accused) is confined in a non-military facility for a charge or offense for which the prisoner had been arrested after the commission of the offense for which the military sentence was imposed, the prisoner (accused) shall receive no credit for such time confined in the non-military facility when calculating his or her sentence adjudged at court-martial.

DoDI 1325.07, para. 3.c (emphasis added).

As such, notwithstanding DoD 1325.7-M, which might otherwise grant credit, the appellant is entitled to no credit for his time spent in Florida pretrial

---

(. . . continued)
*which the defendant was arrested after the commission of the offense for which the sentence was imposed*; that has not been credited against another sentence."
(emphasis added).

confinement if he was in such pretrial confinement "for a charge or offense for which [appellant] had been arrested after the commission of the offense for which the military sentence was imposed . . . ." The crucial question is: what does the DoDI mean by "confined . . . for a charge," and specifically, what does the word "for" mean in this context?

When a term is not otherwise defined, courts will accord that term its ordinary meaning. *United States v. Hendrix*, (C.A.A.F. __M.J. __, slip op. at 5 (C.A.A.F. 19 Jun. 2018). The word "for" has different meanings in different contexts. In the context at issue, we find the correct meaning of "for" is closest to "because of" or "on account of." Webster's Third New International Dictionary 886 (1981).

DoDI 1325.07, para. 3.c therefore prohibits awarding credit for time spent in pretrial confinement "in a non-military facility [because of] a charge or offense for which the prisoner had been arrested after the commission of the offense for which the military sentence was imposed . . . ."

*Application of the Law to the Facts*

Considering the plain language of DoDI 1325.07, the military judge's finding of fact that appellant was confined in Florida *because of* his offense of failure to appear resolves the issue raised on appeal unless the military judge's finding is clearly erroneous.

The clearly erroneous standard of review is a heavy burden for an appellant to overcome. Even if this court disagrees with the military judge's characterization of the facts, we will not decide a military judge's factual findings are clearly erroneous unless the record affords no other reasonable conclusion. "At least one court has defined the clearly-erroneous standard by stating that it must be 'more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *United States v. French*, 38 M.J. 420, 425 (C.M.A. 1993) (quoting *Parts and Electric Motors Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

In this case, appellant was pending charges for child pornography when he was placed in civilian confinement in Florida. The Florida child pornography charges were not resolved until appellant's guilty plea for failure to appear. While these facts weigh in appellant's favor, they are not conclusive of the question of whether the appellant was actually in confinement *because of* the offense of failing to appear. The military judge accurately observed appellant was *not* confined by the state of Florida when he was facing only the child pornography charges. The state of Florida did not confine appellant until after he fled to Cambodia and failed to appear to face the Florida child pornography charges. Appellant was charged and placed in pre-trial confinement for the offense of fleeing Florida's criminal process.

6

The state of Florida was not acting on behalf of the Army and he was not being held in confinement at the request of the Army. The fact appellant's confinement by the state of Florida exceeded his eventual sentence for the crime of failure to appear does not obligate the Federal government to lessen the appellant's punishment for different offenses against the Federal sovereign.

Under these circumstances, we cannot say that the military judge's finding that the appellant was in pretrial confinement *because of* failing to appear was clearly erroneous.[8]

Once it is settled that appellant was confined by the state of Florida because of failing to appear, the result required by DoDI 1325.07 para. 3.c is clear: the appellant was confined in a non-military facility because of an offense for which he was arrested after the commission of the offense for which the military sentence was imposed. Therefore, notwithstanding any credit appellant might have otherwise been entitled to under DoD 1325.7-M, appellant is not entitled to credit for the time he spent in Florida confinement pending trial for his failure to appear.

*Article 66(c)*

In exercising our Article 66(c) review of the findings and sentence approved by the convening authority, we do not award appellant any additional confinement credit. To the extent that the military judge's ruling may appear harsh for not granting credit for appellant's confinement in Florida, we note that prior to sentencing appellant, the military judge stated on the record that he fully considered, as a mitigating factor, the lengthy period of time appellant spent in Florida pretrial confinement.

---

[8] Under the plain language of DoDI 1325.07, para. 3.c, it does not matter whether appellant was also in civilian pretrial confinement because of the pending Florida child pornography charges. Paragraph 3.c clearly states the restriction contained therein applies notwithstanding any provision of DoD 1325.7-M, that may otherwise provide for credit.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court