UNITED STATES, Appellee

v.

Gordon L. SMITH, Airman
U.S. Air Force, Appellant

No. 01-0492

Crim. App. No. S29720

United States Court of Appeals for the Armed Forces

Argued October 25, 2001

Decided February 8, 2002

GIEKRE, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., EFFRON and BAKER, JJ., and
SULLIVAN, S.J., joined.

Counsel

For Appellant:  Major Jeffrey A. Vires (argued); Lieutenant
    Colonel Beverly B. Knott, Lieutenant Colonel Timothy W.
    Murphy, and Lieutenant Colonel Gilbert J. Andia, Jr. (on
    brief); Colonel James R. Wise.

For Appellee:  Lieutenant Colonel Karen L. Manos (argued);
    Colonel Anthony P. Dattilo and Major Lance B. Sigmon (on
    brief); Major Bryan T. Wheeler.

Military Judge:  J. Jeremiah Mahoney

  **This opinion is subject to editorial correction before final publication.**

Judge GIERKE delivered the opinion of the Court.

A special court-martial convicted appellant, pursuant to his pleas, of two one-day unauthorized absences terminated by apprehension, dereliction of duty, three specifications of larceny, and two specifications of forgery, in violation of Articles 86, 92, 121, and 123, Uniform Code of Military Justice (UCMJ), 10 USC §§ 886, 892, 921, and 923, respectively. The court-martial, composed of officer members, sentenced him to a bad-conduct discharge, three months of hard labor without confinement, forfeiture of $639.00 pay per month for six months, and reduction to the lowest enlisted grade. The convening authority disapproved the hard labor without confinement, directed that appellant receive credit for illegal pretrial punishment in the form of a $160.00 credit against the first month's forfeiture of pay, and approved the remainder of the adjudged sentence. The Court of Criminal Appeals affirmed the findings and sentence. 54 MJ 783 (2001).

This Court granted review of the following issue:

> WHETHER APPELLANT RECEIVED SUPPLEMENTAL CREDIT AGAINST HIS ADJUDGED SENTENCE FOR THE NINETY-FOUR DAYS SPENT IN PRETRIAL CONFINEMENT.

For the reasons that follow, we affirm.

## Factual Background

Prior to trial, appellant was restricted for five days under conditions that the military judge found to be tantamount to confinement. The military judge ordered that appellant be given credit for five days of pretrial confinement, in addition to any other credit to which he might be entitled. See United States v. Mason, 19 MJ 274 (CMA 1985)(summary disposition) (appellant

awarded pretrial confinement credit for "pretrial restriction equivalent to confinement").

Appellant also spent ninety-four days in pretrial confinement. The military judge instructed the members that "the length of pretrial restraint. . . [is] an appropriate factor to consider in determining a sentence." He also advised them that "the accused will be automatically credited on a day-for-day basis with pretrial confinement served against any sentence to confinement adjudged by this court." The members imposed no confinement.

In his posttrial recommendation, the staff judge advocate (SJA) informed the convening authority that appellant would not receive any credit for pretrial confinement because he was not sentenced to confinement. The SJA also recommended that the convening authority disapprove the hard labor without confinement, because both the SJA and the unit commander believed "it would be more beneficial to put the Accused in excess leave status as soon as possible instead of burdening his squadron with the task of implementing and supervising this part of the Accused's sentence[.]"

In response, appellant's defense counsel argued that crediting the pretrial confinement against the adjudged hard labor without confinement was inadequate compensation. See RCM 1003(b)(6), Manual for Courts-Martial, United States (2000 ed.) (equating one day of confinement to one-and-a-half days of hard

labor without confinement).* Defense counsel asked the convening authority to disapprove the bad-conduct discharge to adequately compensate appellant for his time in pretrial confinement.

The convening authority disapproved the hard labor without confinement, as recommended by the SJA, and also ordered that appellant be credited with $160.00 against the first month's forfeiture of pay as credit for the five days of illegal pretrial restraint.

### Discussion

Appellant has not challenged the adequacy of the convening authority's remedy for the five days of restriction tantamount to confinement. He received credit equivalent to five days' total forfeitures, in accordance with the conversion formula in RCM 305(k).

Appellant contends, however, that he is entitled to additional credit for his ninety-four days in pretrial confinement as a matter of constitutional law under the Eighth Amendment and as a matter of statutory law under Article 55, UCMJ, 10 USC § 855. Because he was not sentenced to confinement, he invites this Court to look to RCM 305(k) for guidance in awarding credit against other adjudged punishments. While he does not specifically assert that RCM 305 was violated, he argues that ninety-four days of pretrial confinement without

---

*This Manual provision was designated RCM 1003(b)(7) at the time of appellant's court-martial but was otherwise identical to the current version. All other Manual provisions cited herein are identical to the ones in effect at the time of appellant's court-martial.

compensation violates Article 55 and the Eighth Amendment and should, therefore, be treated like illegal pretrial confinement.

The Government argues that appellant is not entitled as a matter of law to any credit, because he was not sentenced to confinement. The Government disputes appellant's claim that lawful pretrial confinement violates Article 55 or the Eighth Amendment.

This Court reviews de novo the question whether an appellant is entitled to pretrial confinement credit. See United States v. Ballesteros, 29 MJ 14 (CMA 1989); United States v. Allen, 17 MJ 126 (CMA 1984). This Court also reviews de novo the question whether an appellant has been punished in violation of Article 55 or the Eighth Amendment. United States v. White, 54 MJ 469, 471 (2001).

We hold that appellant's lawful pretrial confinement did not violate Article 55 or the Eighth Amendment. Generally, this Court looks to federal case law interpreting the Eighth Amendment to decide claims of an Article 55 violation. See United States v. Avila, 53 MJ 99, 101 (2000). Thus, we have considered appellant's claims of an Eighth Amendment violation and Article 55 violation together.

Pretrial confinement, imposed and administered in a lawful manner, is not per se cruel or unusual. See Avila, supra at 101-02 (pretrial confinement, even in solitary confinement, not per se cruel or unusual). Appellant has pointed to no evidence that he was treated in a cruel or unusual manner while in pretrial confinement, and we find no such evidence in the record.

Although appellant asserts that failure to give credit for lawful pretrial confinement violates Article 55 and the Eighth Amendment, he has cited no authority for that proposition, and we have found none. His assertion is contrary to federal decisions holding that no constitutional violation arises from failure to give credit for pretrial detention unless there is a violation of the Equal Protection Clause of the Fifth Amendment. See Palmer v. Dugger, 833 F.2d 253, 256 (11th Cir. 1987); Johnson v. Smith, 696 F.2d 1334, 1340 (11th Cir. 1983). In civilian cases, credit for lawful pretrial detention is regarded as a matter "of legislative grace and not a constitutional guarantee." Lewis v. Cardwell, 609 F.2d 926, 928 (9th Cir. 1979).

Having concluded that the Eighth Amendment and Article 55 do not entitle appellant to credit, we turn next to the question whether appellant has any other statutory or regulatory right to credit. There is no provision in the UCMJ or the Manual for Courts-Martial that requires credit against an adjudged sentence for lawful pretrial confinement. By its terms, RCM 305(k) applies only to illegal pretrial confinement; it provides no legal entitlement to credit for lawfully imposed pretrial confinement.

Non-military federal prisoners are entitled under 18 USC § 3585(b) to "credit toward the service of a term of imprisonment for any time [they] spent in official detention prior to the date the sentence commences[.]" However, non-military federal prisoners do not receive credit for pretrial confinement unless their sentences include confinement in a correctional or penal facility under the jurisdiction of the Bureau of Prisons (BOP).

See Reno v. Koray, 515 U.S. 50, 62-63 (1995) (statute applies only to persons detained in a BOP penal or correctional facility and sentenced to confinement in a BOP penal or correctional facility); United States v. Dowling, 962 F.2d 390, 391 (5th Cir. 1992) (credit for pretrial detention cannot be applied to "confinement" in halfway house imposed as condition of probation); Palmer v. Dugger, supra at 255 (no entitlement to credit for pretrial detention if acquitted of offense for which pretrial detention was imposed).

In Allen, this Court noted that 18 USC § 3568, the predecessor to 18 USC § 3585(b), specifically exempted court-martial sentences. 17 MJ at 127. This Court concluded, however, that the Secretary of Defense had voluntarily adopted the pretrial confinement credit provisions of 18 USC § 3568 by promulgating Department of Defense Instruction (DODI) 1325.4 (Oct. 7, 1968), which required that the procedures for computing military sentences "will be in conformity with those published by the Department of Justice, which govern . . . federal prisoners and military prisoners[.]" Id. at 128. This directive was later revised and reissued as DODI 1325.7 (July 17, 2001), without significant change to the provision at issue in this case.

As written, 18 USC § 3585(b) and DODI 1325.7 apply only to prisoners serving sentences to confinement. We decline to accept appellant's invitation to extend the Secretary of Defense's application of 18 USC § 3585(b) beyond its terms. Likewise, we decline to extend RCM 305(k) beyond its terms. Congress has not acted to require credit for lawful pretrial confinement, nor has it constrained the authority of the President or the Secretary of

7

Defense to grant credit.  Thus, the decision whether to extend DODI 1325.7 or RCM 305 to give pretrial confinement credit to persons not sentenced to confinement is a matter of Executive prerogative.  To date, neither the President nor the Secretary of Defense has exercised that prerogative.  Accordingly, we hold that there is no legal requirement that appellant be given credit for his pretrial confinement.

## Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.