UNITED STATES, Appellee

v.

Troy B. JENKINS, Quartermaster Third Class
U.S. Navy, Appellant

No. 03-0473

Crim. App. No. 200101151

United States Court of Appeals for the Armed Forces

Argued March 2, 2004

Decided June 21, 2004

BAKER, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, EFFRON, and ERDMANN, JJ., joined.


Counsel

For Appellant:  Lieutenant Elysia G. Ng, JAGC, USNR (argued).

For Appellee:  Captain Glen R. Hines Jr., USMC (argued); Colonel
   M. E. Finnie, USMC, and Lieutenant Lars C. Johnson, JAGC,
   USNR (on brief).



Military Judge:  D. M. White



**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.**

Judge BAKER delivered the opinion of the Court.

On November 29, 2000, at Bremerton, Washington, Appellant was tried by a general court-martial composed of a military judge alone. Pursuant to his pleas, Appellant was convicted of one count of rape and one count of sodomy by force in violation of Articles 120 and 125, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 925 (2000), respectively. Contrary to his plea, Appellant was also convicted of one count of indecent acts in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000). He was sentenced to a dishonorable discharge, confinement for twelve years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged, but suspended confinement in excess of nine years for a period of five years. The Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed the findings of guilty with respect to Charges I and II, but dismissed and set aside the finding of guilty for indecent acts and dismissed Charge III on the ground that the two offenses were multiplicious. United States v. Jenkins, NMCM 200101151, slip op. at 7 (N-M. Ct. Crim. App. 2003). Consistent with this Court's decisions in United States v. Peoples, 29 M.J. 426, 428 (C.M.A. 1990) and United States v. Sales, 22 M.J. 305, 307-08 (C.M.A. 1986), the CCA reassessed Appellant's sentence and affirmed only so much of the adjudged sentence providing for

confinement for 138 months, reduction to E-1, total forfeiture

of pay and allowances, and a dishonorable discharge.  Jenkins,

NMCM 200101151, slip op. at 14.

This Court granted review of the following issues:

I

WHETHER THE LOWER COURT'S VERBATIM REPLICATION OF
SUBSTANTIAL PORTIONS OF THE GOVERNMENT'S ANSWER BRIEF AS
THAT COURT'S OPINION CONSTITUTES AN ABUSE OF DISCRETION,
NEGATES ANY APPEARANCE OF JUDICIAL IMPARTIALITY AND
SUBSTANTIALLY UNDERMINES THE INTEGRITY OF THE OPINION.

II

WHETHER THE LOWER COURT ERRED WHEN IT CONSIDERED EVIDENCE
OUTSIDE OF APPELLANT'S STATEMENTS DURING THE PROVIDENCE
INQUIRY IN EVALUATING THE FACTUAL BASIS FOR APPELLANT'S
PLEAS.

At heart, the question presented by granted Issue I is whether

Appellant received the legal and factual review he was entitled

to under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).

Because we cannot conclude that he received such an assessment,

we remand for a new Article 66(c) review conducted by a separate

panel comprised of judges who did not participate in Appellant's

prior evaluation.[1]

## Background

The CCA opinion in Appellant's case is 15 pages in length.

It consists of 45 paragraphs, not including record excerpts.

---

[1]  In light of this Court's decision regarding Issue I, we need
not address Issue II.

Thirty-one of these paragraphs are taken virtually or wholly verbatim from 29 of the 33 paragraphs in the Government's nineteen-page Answer before the CCA. This is done without attribution. These paragraphs include the statement of facts, legal analysis, and conclusions of law.

With respect to Issue II, Appellant complains that the CCA relied on testimony from the victim relating to Charge III, which Appellant contested, in upholding the factual providence of Appellant's pleas to Charges I and II. The victim's testimony is recited in the CCA's opinion within those paragraphs derived from the Government's Answer. See Jenkins, NMCM 20010115, slip op. at 5-6.

The lower court's opinion also includes the following original paragraph:

> We have carefully reviewed the record of trial, Appellant's five assignments of error, the Government's answer, and Appellant's reply. We conclude that there is merit in Appellant's summary fifth assignment of error and that Appellant is entitled to relief. We shall take appropriate corrective action in our decretal paragraph. In all other respects we conclude that the findings and sentence, upon reassessment, are correct in law and fact and that no error materially prejudicial to the substantial rights of Appellant was committed. Arts. 59(a) and 66(c), UCMJ.

Jenkins, NMCM 200101151, slip op. at 2 (footnote omitted).

Based on these facts, Appellant argues that he has not received the independent CCA review of his conviction that he is entitled to under Article 66(c). Further, Appellant maintains

4

that the CCA abandoned its impartiality as an independent court, denying him his due process of law.

Based on the lower court's statement that it carefully reviewed the record of trial, as well as its decision to grant relief to Appellant, the Government argues that there was no error in the CCA's review of Appellant's case.  The Government also contends there was no appearance of partiality by the lower court.  Moreover, the Government maintains that it is not possible for this Court to evaluate the independence of the CCA's review without piercing the veil of the lower court's deliberative process, something this Court either should not do or is lawfully precluded from doing.

## Discussion

Article 66 provides the statutory underpinning for the service Courts of Criminal Appeal.  Among other things, the Article provides that

> [i]n a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority.  It may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.  In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

Article 66(c), UCMJ.

5

The legislative history makes it clear that Congress intended the CCAs to serve as appellate bodies independent of the Judge Advocate Generals and Government appellate attorneys.[2] The CCAs are intended to not only uphold the law, but provide a source of structural integrity to ensure the protection of service members' rights within a system of military discipline and justice where commanders themselves retain awesome and plenary responsibility.[3] For this reason, Congress endowed the CCAs with authority to find facts as well as address questions of law. As this Court has often noted, such authority is awesome, including as it does "broad factfinding power and plenary de novo power to review questions of law." United States v. Duncan, 38 M.J. 476,

---

[2] See Bill to Unify, Consolidate, Revise, and Codify the Articles of War, the Articles for the Government of the Navy, and the Disciplinary Laws of the Coast Guard, and to Enact and Establish a Uniform Code of Military Justice: Hearings on S. 857 and H.R. 4080 Before a Subcomm. of the Comm. on Armed Services, 81st Cong. 151 (1949)(statement of Colonel John P. Oliver, Judge Advocate General, Reserve, Legislative Counsel of the Reserve Officer's Association)("Article of War 66, subparagraph (e), page 53, as has been stated by many of the other witnesses, we do not feel it sound judicial procedure to permit the Judge Advocate General who is displeased with an opinion by one board of review, to refer the case back or to another board of review. Surely, no board of review can act honestly and independently under such supervision and restriction.").

[3] See id. at 623 (statement of Frederick P. Bryan, Chairman, Special Committee on Military Justice of the Bar Association of the City of New York)("The new set-up of the courts, whereby you have a law officer on the one hand who exercises judicial function and the lay members of the court . . . on the other who in effect perform the functions of a jury, is excellent. I think that that serves again as a measure of protection to the accused.").

479 n. 7 (C.M.A. 1993)(citing United States v. Cole, 31 M.J. 270 (C.M.A. 1990)). See also United States v. Quiroz, 55 M.J. 334, 338 (C.A.A.F. 2001); United States v. Weatherspoon, 49 M.J. 209, 212 (C.A.A.F. 1998).

After reviewing the CCA's opinion, we are left in doubt that Appellant received the independent Article 66(c) review to which he was entitled. On the one hand, there are indicia within the opinion of independent review. The lower court stated that it carefully reviewed the record, including the Government's Answer and Appellant's Reply, and based on that evaluation concluded that Charges I and II should be affirmed. Moreover, the lower court granted Appellant relief in response to one of his five assigned errors, reassessed his sentence, and granted six months relief. Clearly, this action, which the Government opposed, was taken pursuant to the CCA's independent Article 66(c) authority.

On the other hand, the portions of the Government's Answer incorporated into the CCA's opinion are substantial. This material includes matters of fact, including contested facts, as well as matters of law. In the Article 66(c) context, replication of a party's brief disguises the nature and substance of the court's independent factual and legal review. As a result, neither we nor the parties can be sure where and perhaps whether the Government's argument ends and the lower

court's independent analysis begins.  This conclusion is not based on a mathematical calculation of replication.  Nor need we look within the lower court's deliberations to make such a determination.  It is based on the manifest demonstration on the face of the CCA's opinion that substantial portions are derived wholly or virtually verbatim from a party's brief.  We note that "substantial" conveys both qualitative and quantitative meaning.  Thus, an Article 66(c) error based on the copying of a party's brief may be rooted in the replication of certain important or contested facts, crucial legal analysis, legal conclusions, or some combination thereof, as well as the volume of material copied.  Such judgments are case contextual; however, assuredly an original opinion manifesting independent analysis negates need for review for an Article 66(c) error based on the copying of a party's brief.

The CCA's opinion in this case replicates large portions of the statement of facts, analysis, and conclusions of law from the Government's Answer.  On such a record we cannot disaggregate the Government's argument from the CCA's review.  Therefore, we cannot determine that Appellant received the "awesome, plenary, and de novo" review to which he was entitled by law.  See Duncan, 38 M.J. at 479 (citing Cole, 31 M.J. at 270).  In short, the fact that Appellant received some of what he was entitled to does not mean that he received all to which

he was entitled.  The lower court's opinion indicates that he did not.

Article 66(c) review is a substantial right.  It follows that in the absence of such a complete review, Appellant has suffered material prejudice to a substantial right.

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside.  The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for a new Article 66(c) review before a panel comprised of judges who have not previously participated in this case.