*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
KING, TANG, and J. STEPHENS,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Hunter C. TYNDALL**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 201900096**

Decided: 27 November 2019

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Commander Ryan Stormer, JAGC, USN. Sentence adjudged 15 November 2018 by a general court-martial convened at Naval Station Great Lakes, Illinois, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, confinement for 27 months,[1] and a bad-conduct discharge.

For Appellant: Captain Kimberly D. Hinson, JAGC, USN.

For Appellee: Lieutenant Joshua C. Fiveson, JAGC, USN; Lieutenant Kimberly Rios, JAGC, USN.

Senior Judge KING delivered the opinion of the Court, in which Senior Judge TANG and Judge J. STEPHENS joined.

_____

[1] The convening authority suspended confinement in excess of 24 months pursuant to a pretrial agreement.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

KING, Senior Judge

Consistent with his pleas, Appellant was convicted of disobeying a superior commissioned officer, stalking, aggravated assault, assault consummated by a battery, and obstruction of justice, in violation of Articles 90, 120a, 128, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 920a, 928, and 934 (2012). Appellant now claims that he is entitled to pretrial confinement credit and that the military judge erred by permitting the trial counsel to read the victim impact statement to the court. We find merit in the first issue and take action in our decretal paragraph.

## I. BACKGROUND

Appellant and his wife, Seaman BT, enlisted in the Navy in 2017 and were married in January of 2018. Shortly thereafter, Appellant was charged with several crimes involving domestic violence against BT. His first round of charges originated on 5 June 2018 when his wife petitioned the local county court for an order of protection claiming he was stalking her and did the following:

| Date | Allegation |
|---|---|
| 22 February 2018: | Grabbed her by the throat, cutting off her air supply; |
| 19 May 2018: | Grabbed her by the hair and dragged her down the stairs; |
| 2 June 2018: | Grabbed her by the throat and slammed her against a vehicle; |
| 3 June 2018: | Followed her to a friend's home and then charged her vehicle yelling "I should . . . kill you." |

Based upon these allegations and BT's general fear that Appellant would continue to endanger her life, a county judge issued both a restraining order that required Appellant to avoid contact with BT as well as a warrant for his arrest for "domestic battery." Appellant was arrested on 6 June 2018 and

released after posting bond on 8 June 2018.[2] A condition of his bond was that he avoid contact with BT. He did not, choosing instead to contact BT at her home two days later. On 12 June 2018, Appellant was arrested by local authorities a second time for violating the order and the conditions of his bond and remained in civilian pretrial confinement until 27 June 2018, when the state dismissed charges. That day, Appellant was transferred to military pretrial confinement and charged with crimes involving domestic battery, including the 19 May 2018 assault. The parties reached a pretrial agreement and, 141 days after entering military pretrial confinement, Appellant pleaded guilty to these charges. At Appellant's plea hearing, the military judge stated that pretrial confinement credit was discussed at a RULE FOR COURTS-MARTIAL (R.C.M.) 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), meeting, but the record does not elaborate. The parties then had the following colloquy:

> MJ: Trial Counsel, what is your calculation for pretrial . . . confinement credit?
>
> TC: Sir, the government calculates 141 days.
>
> MJ: Defense, do you concur?
>
> DC: Yes, sir.
>
> MJ: The court orders 141 days of credit for pretrial confinement.[3]

During the Government's sentencing case, the trial counsel offered exhibits that set forth the dates and reasons Appellant was arrested and confined by civilian authorities. The results of trial indicated Appellant was to be credited with 141 days towards confinement and the convening authority ordered that Appellant be credited that number of days.

Following the Government's sentencing case, the trial counsel informed the military judge that BT had asked that the trial counsel read to the court her unsworn impact statement, offered pursuant to R.C.M. 1001A (2016).[4] After the defense counsel responded that he had no objection, the trial coun-

---

[2] Appellant's claim that he was arrested on 5 June 2018 is not supported by the record.

[3] Record at 126. These 141 days apparently did not include any days Appellant served in civilian pretrial confinement.

[4] R.C.M. 1001A (2016), has been incorporated into R.C.M. 1001(c) (2019).

sel proceeded to read the impact statement, wherein BT discussed how Appellant abused her over the course of their relationship, the pain and betrayal that that abuse caused her at the time, and the emotional and psychological scars she deals with as a result.[5] After the statement was read, the Defense objected to portions of the statements as "uncharged misconduct." The military judge sustained the defense objection and assured the parties that he would not consider the information for those purposes.[6] Additional facts necessary to the resolution of the issues are discussed *infra*.

## II. DISCUSSION

Appellant now contends he is entitled to pretrial confinement credit for the time he spent in civilian pretrial confinement.[7] We review this question de novo. *United States v. Atkinson*, 74 M.J. 645, 647 (N-M. Ct. Crim. App. 2015) (citing *United States v. King*, 61 M.J. 225, 227 (C.A.A.F. 2005)); *see also United States v. Smith*, 56 M.J. 290, 292 (C.A.A.F. 2002).

Credit towards a sentence to confinement is governed by Department of Defense (DoD) Instruction 1325.07, Administration of Military Correctional Facilities and Clemency and Parole Authority encl. 2, para. 3.b. (11 March 2013, Incorporating Change 3, 1 April 2018) [hereinafter DoDI 1325.07], which states that "[s]entence computation shall be calculated [in accordance with] DoD 1325.7-M," the DoD Sentence Computation Manual. DoD 1325.7-M (27 July 2004, Incorporating Change 3, 26 September 2018) requires that prisoners receive "all sentence credit directed by the military judge," and that military judges "will direct credit for each day spent in pretrial confinement . . . for crimes for which the prisoner was later convicted." *Id.* at C2.4.2. But, under the heading "SENTENCE COMPUTATION," DoDI 1325.07 specifically states:

> Notwithstanding any other provision of this instruction or [DoD 1325.07-M], if a prisoner (accused) is confined in a non-military facility for a charge or offense for which the prisoner

---

[5] Record at 133.

[6] *Id.*

[7] We have considered Appellant's claim that the military judge abused his discretion by permitting trial counsel to read the victim's unsworn statement. However, that issue was clearly waived by Appellant at trial. Appellant offers no justification for disturbing waiver, we find none, and will leave that waiver intact. *United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016).

had been arrested after the commission of the offense for which the military sentence was imposed, the prisoner (accused) shall receive no credit for such time confined in the non-military facility when calculating his or her sentence adjudged at court-martial.[8]

While the phrase: "for a charge or offense for which the prisoner had been arrested after the commission of the offense for which the military sentence was imposed," is not the model of clarity, particularly the first use of the word "for," our superior court has determined this word to mean "because of" or "on account of." *United States v. Harris*, 78 M.J. 434, 436–37 (C.A.A.F. 2019). The record is clear that Appellant's initial arrest was, at least in part, "because of" the same 19 May 2018 assault for which he was later sentenced at court-martial. Therefore, under DoDI 1325.07, Appellant is entitled to confinement credit for the three days he spent in civilian confinement on 6–8 June 2018.

The record is equally clear that Appellant's second arrest and civilian pre-trial confinement were for violation of the conditions of both his bond and the protective order by meeting with his wife at her home on 10 June, offenses he committed "after the commission of the offense for which the military sentence was imposed." The court-martial did not sentence him for violating his civilian bond or protective order. Therefore, Appellant is not entitled to credit for the second period of civilian confinement.

Although recognizing that Appellant may be entitled to three days of confinement credit, the Government urges us to apply waiver. "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (quoting *United States v. Olano*, 507 U.S. 725 (1993)). We concede that, generally, "[w]hen an error is waived, . . . the result is that there is no error at all." *United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016) (alterations in original) (quoting *United States v. Weathers*, 186 F.3d 948 (D.C. Cir. 1999)); *see also* R.C.M. 905. As the defense counsel specifically agreed with the military judge when he announced the erroneous number of days due for confinement credit, Appellant waived this issue. *See United States v. Haynes*, 79 M.J. 17, 19 (C.A.A.F. 2019) (finding appellant affirmatively waived issue "[b]y answering in the affirmative when asked whether he agreed with the proposed amount of pretrial confinement credit due"). However, for reasons explained below, we decline to apply waiver.

---

[8] DoDI 1325.07, encl. 2, para. 3.c.

The Court of Appeals for the Armed Forces (CAAF) has declared that a purpose of the "raise-or-waive" rule is "to promote the efficiency of the entire justice system by requiring the parties to advance their claims at trial, where the underlying facts can best be determined. *United States v. King,* 58 M.J. 110, 114 (C.A.A.F. 2003) (discussing *Hormel v. Helvering*, 312 U.S. 552, 556 (1941)). Recognizing the power of the Courts of Criminal Appeals to find facts, CAAF nonetheless stated that "these powers fall far short of the power the parties themselves have to develop fully the factual record at trial through compulsory process and confrontation." *Id.*; *accord United States v. Inong*, 58 M.J. 460, 464 (C.A.A.F. 2003) (holding the principle of waiver is "essential to the continued effectiveness of our heavily burdened trial and appellate judicial systems" (citation and internal quotation marks omitted)).

However, Article 66(c), UCMJ, requires this Court to conduct a plenary review and "affirm only such . . . sentence or such part or amount of the sentence, as [we] find[ ] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ. The CAAF has found that this "complete Article 66, UCMJ, review" is a "substantial right" of an accused, *Chin,* 75 M.J. at 222 (*citing*, *United States v. Jenkins*, 60 M.J. 27, 30 (C.A.A.F. 2004)), and that we may not rely solely upon "selected portions of a record or allegations of error alone." *Id.* This is so because there is no "waiver" exception in Article 66, which requires that we review the record and approve only that which "should be approved." *Id.* "*A fortiori*, [we] are required to assess the entire record to determine whether to leave [any] waiver intact, or to correct the error." *Id* at 223.

In *United States v. Forbes,* 77 M.J. 765 (N-M. Ct. Crim. App. 2018), *aff'd*, 78 M.J. 279 (C.A.A.F. 2019), we considered a similar issue and applied waiver. In that case, defense counsel successfully litigated a motion for pretrial confinement relief. Concluding that the preliminary hearing officer had failed to comply with the procedural requirements of R.C.M. 305(i)(2)(D), the military judge granted the defense motion and, under R.C.M. 305(k), awarded Forbes two additional days' credit for each day of pretrial confinement from when pretrial confinement began until completion of the preliminary hearing officer's report. Forbes subsequently entered into a pretrial agreement wherein he agreed to "waive all waivable motions." When the military judge asked Forbes whether he discussed this waiver provision with his defense counsel, Forbes responded in the affirmative. Following findings, the military judge asked the defense counsel whether his client had been subject to any illegal pretrial confinement, specifically referencing the litigated R.C.M. 305(k) ruling. The defense counsel responded, "I don't contest your ruling on that one." *Id.* at 774.

On appeal, Forbes nonetheless argued that the military judge erred when she failed to grant additional R.C.M. 305(k) credit for the period following

issuance of the preliminary hearing officer's report until she ruled on the appellant's motion for release from pretrial confinement. Under those facts, and after specifically considering *Chin*, we declined to "exercise our authority to consider the appellant's claim under Article 66(c), UCMJ." *Id.*

We reach a different conclusion here. This record contains clear and ample evidence that Appellant was *entitled* to three days of pretrial confinement credit. This credit was not discretionary and the evidence supporting it was contained in the record prior to the announcement of sentence.[9] Thus, we conclude that the parties' failure to request it and the military judge's failure to award it were the result of either oversight or misapplication of the law. Under these circumstances we distinguish *Forbes* and, pursuant to *Chin* and in keeping with our unique mandate under Article 66, decline to apply waiver. *See, e.g., United States v. Chaney*, 53 M.J. 621, 624 (N-M. Ct. Crim. App. 2000) (declining to apply waiver for entitlement to pretrial confinement credit when "both the military judge and the detailed defense counsel were mistaken in their understanding of the law").

## III. CONCLUSION

Having carefully considered both of Appellant's assigned errors, the record of trial, and the parties' submissions, we conclude the findings and sentence are correct in law and fact and that no error materially prejudiced Appellant's substantial rights. Arts. 59 and 66, UCMJ. While the findings and sentence as approved by the convening authority are **AFFIRMED**, we order that the Appellant receive an additional 3 days of pretrial confinement credit.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[9] *See* PE 3.