*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Adrian GONZALEZ, Private**
United States Army, Appellant

**No. 19-0297**
Crim. App. No. 20160363

Argued January 14, 2020—Decided April 24, 2020

Military Judges: Charles L. Pritchard Jr. and Marc D. Cipriano

For Appellant: *Captain Rachele A. Adkins* (argued); *Lieutenant Colonel Tiffany D. Pond* and *Major Angela D. Swilley* (on brief); *Lieutenant Colonel Todd W. Simpson* and *Major Joseph C. Borland*.

For Appellee: *Captain Lauryn D. Carr* (argued); *Colonel Steven P. Haight*, *Lieutenant Colonel Wayne H. Williams*, and *Major Dustin B. Myrie* (on brief).

Judge OHLSON delivered the opinion of the Court, in which Chief Judge STUCKY and Judge SPARKS, joined. Judge MAGGS filed a separate dissenting opinion in which Judge RYAN joined.

————————

Judge OHLSON delivered the opinion of the Court.

Upon setting aside one of Appellant's several convictions and also setting aside Appellant's sentence, the United States Army Court of Criminal Appeals (CCA) remanded this case to the convening authority with instructions to take one of three actions. One of these proposed actions was for the convening authority to "dismiss [the specification at issue] and reassess the sentence, *affirming no more than a dishonorable discharge and confinement for six years*." *United States v. Gonzalez*, No. ARMY 20160363, 2018 CCA LEXIS 327, at *13–14, 2018 WL 3326646, at *6 (A. Ct. Crim. App. July 3, 2018) (unpublished) (emphasis added). We hold that the CCA erred when it issued this instruction. Accordingly, we reverse the judgment of the lower court as to the sentence and remand this case to the CCA for proceedings consistent with this opinion.

### I. Background

A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of three specifications of violating a lawful general order and two specifications of abusive sexual contact, in violation of Articles 92 and 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920 (2012). The military judge also convicted Appellant, contrary to his pleas, of one specification of rape, in violation of Article 120, UCMJ. The convening authority approved the adjudged sentence of a dishonorable discharge and confinement for ten years.

Upon appellate review, the CCA set aside the rape conviction and the sentence, affirmed the remaining findings, and instructed the convening authority to take one of three actions on remand: (1) order a rehearing on the rape specification and sentence; (2) dismiss the rape specification and order a rehearing on sentence; or (3) "dismiss [the rape specification] and reassess the sentence, affirming no more than a dishonorable discharge and confinement for six years." *Gonzalez*, 2018 CCA LEXIS 327, at *13–14, 2018 WL 3326646, at *6. In a footnote, the CCA explained:

> *In reassessing the sentence* we are satisfied that the sentence adjudged, absent [the rape specification], would have been at least a dishonorable discharge and confinement for six years. The reassessment being both appropriate and purging the record as it stands of error does not otherwise limit the sentence that may be adjudged at a rehearing.

*Id.* at *14 n.8, 2018 WL 3326646, at *6 n.8 (emphasis added) (citations omitted). Appellant did not seek reconsideration of the CCA's remand instructions and did not file a petition for grant of review in this Court challenging these instructions. Instead, the record of trial was returned to the convening authority for further proceedings consistent with the CCA's decision.

On remand, the staff judge advocate (SJA) recommended that the convening authority dismiss the rape specification, approve the remaining findings of guilty, and "reassess the sentence to confinement for 6 years and a dishonorable discharge." Appellant provided a Rule for Courts-Martial (R.C.M.) 1105/1107 submission but did not question the

CCA's authority to conduct the sentence reassessment or to impose a sentence cap after setting aside the sentence. In an addendum, the SJA maintained his earlier recommendation.

Before taking action on this matter, the convening authority considered a number of documents including the CCA opinion, Appellant's R.C.M. 1105/1107 submission, and the SJA's post-trial advice. The convening authority then (1) determined a rehearing on the rape specification was "not practicable" and dismissed this specification without prejudice, (2) determined a "rehearing on the sentence only [was] not practical," and (3) approved "[o]nly so much of the sentence as provide[d] for a dishonorable discharge and confinement for six years."

Appellant's case once again returned to the CCA for a second Article 66, UCMJ, review. Appellant filed a brief raising one supplemental assignment of error, but he did not challenge the CCA's authority to conduct a sentence reassessment or to impose a sentence cap after setting aside the sentence. The lower court affirmed the findings and sentence in a brief per curiam opinion.

Appellant waited until filing his petition for grant of review in this Court to challenge the CCA's authority to issue the specific remand instructions in his case. We granted review on two issues: (1) whether the CCA exceeded its statutory authority by reassessing the sentence after it had set aside the approved sentence; and (2) whether Appellant waived or forfeited this issue. *United States v. Gonzalez*, 79 M.J. 264 (C.A.A.F. 2019) (order granting review).

## II. Discussion

### A. Waiver and Forfeiture

We conclude that Appellant neither waived nor forfeited his challenge to the CCA's authority to reassess the sentence on its own and impose a sentence cap after setting aside Appellant's approved sentence. This is true for three reasons.

First, "[t]his Court has recognized that '[w]aiver can occur either by operation of law, or by the intentional relinquishment or abandonment of a known right.'" *United States v. Haynes*, 79 M.J. 17, 19 (C.A.A.F. 2019) (internal quotation marks omitted) (quoting *United States v. Jones*,

78 M.J. 37, 44 (C.A.A.F. 2018)). The Government in the instant case does not argue that there was any waiver by operation of law, and we see no basis to conclude that there was.

Second, in terms of waiver resulting from the intentional relinquishment of a known right, Appellant had no basis to challenge the CCA's authority in the remand proceedings before the convening authority because the convening authority clearly lacked the power to ignore or correct the CCA's remand instructions. *See United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989) (indicating that the convening authority "can only take action that conforms to the limitations and conditions prescribed by the [lower court's] remand"); *see also United States v. Carter*, 76 M.J. 293, 296 (C.A.A.F. 2017). Therefore, the mere fact that Appellant failed to take the useless step of challenging the CCA's authority when he made his submissions to the convening authority does not constitute waiver.

Third, at the time Appellant's case was before the convening authority and the CCA, this Court had never addressed the CCA's innovation of conducting a sentence reassessment and imposing a sentence cap when providing remand instructions to the convening authority. Instead, Appellant's case was one of a series of recent cases in which the CCA had taken this novel approach.[1] Given the CCA's practice and the absence of guidance from this Court, we conclude that there was no waiver by the intentional relinquishment of a known right, and no forfeiture, when Appellant failed to raise a novel issue challenging the CCA's remand instructions. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 257 (1981) ("[I]t would scarcely be appropriate or just to confine our review to determining whether any error that might exist is sufficiently egregious to qualify [as plain error when the].... very novelty of the legal issue at stake counsels unconstricted review.").

---

[1] *See United States v. Wall*, __ M.J. __, __ (11) (C.A.A.F. 2020) (Appendix I).

**B. Scope of the CCA's Authority**

In our recent *Wall* opinion we held that a CCA does not have the authority to conduct a sentence reassessment after setting aside the sentence. __ M.J. at __ (1, 8–10). And yet, that is precisely what happened here. Therefore, the CCA in this case erred when it conducted a sentence reassessment and imposed a sentence cap after setting aside the sentence.

Because there was error, we next turn our attention to prejudice. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012). To begin with, the right to a proper and "complete Article 66, UCMJ, review is a 'substantial right' of an accused." *United States v. Chin*, 75 M.J. 220, 222 (C.A.A.F. 2016) (quoting *United States v. Jenkins*, 60 M.J. 27, 30 (C.A.A.F. 2004)). Here, the CCA did not conduct a proper Article 66, UCMJ, review because, simply stated, the CCA's sentence reassessment and sentence cap went beyond its statutory authority. Article 66(c), UCMJ, authorizes a CCA to act "*only* with respect to the findings and sentence *as approved by the convening authority*." (Emphasis added.) Thus, in the instant case where the CCA *set aside* the findings and sentence as approved by the convening authority, the CCA had no residual authority to impose a cap on a future sentence that did not presently exist. This error effectively means that the CCA's Article 66, UCMJ, review was improper, and without a proper review, this case needs to be remanded to the CCA. *Jenkins*, 60 M.J. at 30 ("Article 66(c) review is a substantial right. It follows that in the absence of such a complete review, Appellant has suffered material prejudice to a substantial right."); *United States v. Holt*, 58 M.J. 227, 233 (C.A.A.F. 2003).

In addition, the CCA's ultra vires action posed a substantial risk of interfering with the convening authority's independent decision-making authority on remand by improperly influencing what the convening authority deemed to be an appropriate sentence. *See Wall*, __ M.J. at __ (9–10); R.C.M. 1107(e)(2)(B) (2016 ed.). Indeed, the record in this case squarely raises the specter of this improper influence because

the convening authority was aware of the CCA's putative sentence cap,[2] and then approved that exact same sentence.[3]

Because the CCA prejudicially erred by conducting a sentence reassessment and imposing a sentence cap after setting aside Appellant's sentence, we reverse the decision of the CCA as to the sentence.

### III. Judgment

We affirm the judgment of the United States Army Court of Criminal Appeals as to findings and reverse as to the sentence. The record is returned to the Judge Advocate General of the Army for remand to the Court of Criminal

---

[2] The dissent contends that "the limitation [on Appellant's sentence] could only have benefitted Appellant." *United States v. Gonzalez*, __ M.J. __, __ (3) (C.A.A.F. 2020) (Maggs, J., joined by Ryan, J., dissenting). This assertion sweeps too broadly. A quick hypothetical demonstrates this point. Assume there is a case where the CCA acts within its statutory authority and does not reassess the sentence and impose a sentence cap after setting aside an appellant's approved sentence. Upon receipt of the case the convening authority may reason as follows: "I have seen similar cases in the past where the accused received three years in prison. Therefore, that is the sentence I will impose here." However, under circumstances similar to the ones presented here where the CCA acted ultra vires and imposed a sentence cap, the convening authority may reason as follows:

> Although I have seen similar cases in the past where the accused received three years in prison, the judges on the Court of Criminal Appeals have much more experience in this area and have concluded that a sentence of six years in prison is more appropriate. Therefore, I will impose a sentence of five years in prison.

Under this scenario, the convening authority would have been swayed in his thinking by the mere existence of the improperly imposed sentence cap—to the obvious detriment of the appellant. And yet, there would be nothing in the record demonstrating that this improper effect on the independent decision-making authority of the convening authority had occurred.

[3] Unlike the dissent, we conclude that the convening authority's decision to approve the exact same sentence as the one authorized by the CCA rebuts the presumption of regularity. *See United States v. Wise*, 6 C.M.A. 472, 478, 20 C.M.R. 188, 194 (1955) (indicating that the presumption of regularity can be "overcome[]").

Appeals, which shall: (1) dismiss the rape specification (Specification 2 of Charge III) and reassess the sentence; or (2) remand to the convening authority who shall (a) order a rehearing on the rape specification and the sentence or (b) dismiss the rape specification and order a rehearing on the sentence alone.

Judge MAGGS, with whom Judge RYAN joins, dissenting.

I respectfully disagree with the Court's conclusions that Appellant suffered prejudice and that this prejudice requires reversal of the decision of the U.S. Army Court of Criminal Appeals (ACCA) as to the sentence. I therefore dissent.

**I. The ACCA's Instruction to the Convening Authority**

The substantive legal issue in this case is difficult. The parties have identified nothing in the Rules for Courts-Martial that either expressly forbids or expressly authorizes the kind of instruction that the ACCA provided in this case. This Court also has no precedent that directly addresses the legality of such an order, although the Court itself, on occasion, has issued orders that are similar. *See, e.g., United States v. Harvey*, 64 M.J. 13, 25 (C.A.A.F. 2006) (instructing that the "the convening authority may approve no portion of the sentence other than a punitive discharge"); *United States v. Moreno*, 63 M.J. 129, 144 (C.A.A.F. 2006) (same). Rather than decide this difficult issue in this case, I would simply affirm the ACCA's decision on grounds that, even if the instruction to the convening authority was improper, Appellant suffered no prejudice. The instruction did not harm Appellant when his case was initially before the ACCA, when the case was returned to the convening authority, or when the ACCA reviewed it a second time.

A. The ACCA's Initial Review

No prejudice to Appellant occurred while the case was initially before the ACCA. Appellant received a complete review under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012). Pursuant to this review, the ACCA set aside a rape specification and vacated Appellant's entire sentence. Appellant did not and cannot complain about these results because they were completely beneficial to him. Thus, even if the instruction to the convening authority was in error, that error did not affect the ACCA's initial review. The instruction by its terms could only have a prospective effect.

The Court concludes that Appellant suffered prejudice during the initial review at the ACCA because he did not receive an Article 66(c), UCMJ, review that was free from error.

The Court reasons that the ACCA had no authority to impose a cap on a future sentence that did not currently exist and that "[t]his error effectively means that the CCA's Article 66, UCMJ, review was improper." This reasoning, however, incorrectly equates the existence of an error with the existence of prejudice. Error and prejudice are separate problems. Not all errors in conducting a review under Article 66(c), UCMJ, are prejudicial. *See, e.g., United States v. Ginn*, 47 M.J. 236, 243, 246 (C.A.A.F. 1997) (holding that the Court of Criminal Appeals exceeded its authority under Article 66(c), UCMJ, by purporting to resolve conflicting post-trial affidavits but concluding that the error caused no prejudice); *United States v. Akbar*, 74 M.J. 364, 408 & n.32 (C.A.A.F. 2015) (holding that "[e]ven if the CCA erred by failing to perform a proportionality review" under Article 66(c), UCMJ, "any error was harmless"); *United States v. Roderick*, 62 M.J. 425, 431 (C.A.A.F. 2006) (holding that the Court of Criminal Appeals exceeded its Article 66(c), UCMJ, authority by considering evidence excluded at trial, but finding the error harmless).[1]

### B. The Convening Authority's New Action

No prejudice to Appellant occurred while the case was back before the convening authority. The ACCA's instruction did not cause the convening authority to decide to dismiss the rape specification and to reassess the sentence. The record makes clear that the convening authority chose that course

---

[1] In *United States v. Holt*, 58 M.J. 227 (C.A.A.F. 2003), and *United States v. Jenkins*, 60 M.J. 27 (C.A.A.F. 2004), the Court did not decide whether egregious errors in conducting an Article 66(c), UCMJ, review—namely, relying heavily on excluded evidence and uncritically copying much of the government's brief into the judicial opinion—caused prejudice. Instead, in both cases, the Court simply remanded for a new review under Article 66(c), UCMJ. But as *Ginn*, *Akbar*, and *Roderick* demonstrate, the Court does not always assume that an error in conducting an Article 66, UCMJ, review makes the review "incomplete" or "improper," and automatically causes prejudice. On the contrary, only "where the underlying validity of the Article 66(c), UCMJ, review is in question" do we assume prejudice. *United States v. Beatty*, 64 M.J. 456, 459 (C.A.A.F. 2007). Such is not the case here. As explained above, any error in the ACCA's instruction to the convening authority did not—and could not, given the prospective nature of the instruction—have materially affected the ACCA's initial review.

because the other two options—a rehearing on the rape specification and the sentence or a dismissal of the rape specification and a rehearing on the sentence only—were both impractical. Accordingly, the convening authority would not have chosen either one of them even if the ACCA had not provided an instruction regarding reassessment of the sentence.

When the convening authority reassessed the sentence, the terms of the instruction did not prejudice Appellant. Although the instruction limited the convening authority's discretion in reassessing Appellant's sentence, the limitation could only have benefitted Appellant. The instruction did not require the convening authority to sentence Appellant to a dishonorable discharge and confinement for six years. Instead, the ACCA indicated that the convening authority could reassess and affirm "no more than a dishonorable discharge and confinement for six years." Under the ACCA's order, the convening authority therefore had discretion to sentence Appellant to a sentence of less than six years, and the ACCA retained the power to review the appropriateness of the sentence approved.

I disagree with Appellant's argument that the ACCA's instruction prejudiced him because it "enticed the convening authority to abdicate his proper role in the process." Appellant's theory is that the order relieved the convening authority of the significant difficulty of actually reassessing the sentence. He asserts that "with a mere pen stroke, the convening authority avoided the significant cost, labor, and time associated with a rehearing in a case as complex as this." I reject this contention because nothing in the record supports Appellant's assertion that the convening authority abdicated his responsibility or otherwise acted improperly. When the record is silent on how a convening authority acted, "the presumption of regularity requires us to presume that he carried out the duties imposed upon him by the Code and the Manual." *United States v. Wise*, 6 C.M.A. 472, 478, 20 C.M.R. 188, 194 (1955); *see also United States v. Scott*, 66 M.J. 1, 4 (C.A.A.F. 2008) (applying a "presumption of regularity" to the convening authority's actions (internal quotation marks omitted) (citation omitted)). The mere fact that the convening authority approved the maximum sentence authorized by the ACCA

does not rebut this presumption because convening authority could have concluded that this sentence was appropriate.

## C. The ACCA's Second Review

Finally, no prejudice to Appellant occurred when the case returned to the ACCA. Nothing in the record suggests that the instruction prevented Appellant from receiving a proper review of his case by the ACCA under Article 66, UCMJ, after the convening authority approved the sentence of six years on remand. On the contrary, the ACCA's per curiam decision on further review expressly stated: "On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact." In *United States v. Clark*, 75 M.J. 298, 300 (C.A.A.F. 2016), this Court concluded that a CCA "acted within its statutory prerogatives under Article 66(c)," UCMJ, based on "the presumption of regularity that applies to the acts of the appellate military judges, and the CCA's statement that it applied the statutory prerogatives." I would reach the same conclusion here.

## II. Conclusion

For the foregoing reasons, we need not decide in this case whether the ACCA's instruction on remand was unauthorized. Even if it was an error, it caused Appellant no prejudice when he initially appealed to the ACCA, when the case was returned to convening authority, or when the ACCA again reviewed the findings and sentence. For these reasons, I would affirm the decision of the ACCA.