# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
POND, WALKER, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class NATHAN G. LEESE**
**United States Army, Appellant**

ARMY 20230250

Headquarters, 82nd Airborne Division
J. Harper Cook, Military Judge
Lieutenant Colonel David J. Krynicki, Staff Judge Advocate

For Appellant: Major Mitchell D. Herniak, JA; Major Amanda Williams, JA (on brief); Colonel Philip M. Staten, JA; Major Mitchell D. Herniak, JA; Major Amanda Williams, JA (on brief on specified issue and reply brief on specified issue).

For Appellee: Colonel Christopher B. Burgess, JA; Major Chase C. Cleveland, JA (on brief on specified issue).

29 August 2024

------------------------------------
OPINION OF THE COURT
------------------------------------

POND, Chief Judge:

This case presents the novel issue of how to apply confinement credit under *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989) in the new landscape of segmented sentencing. *Pierce* requires an accused receive credit for offenses previously subject to nonjudicial punishment imposed under Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815 (2018) [UCMJ].[1] Here, appellant pleaded guilty to three offenses, including two specifications of willfully disobeying a

---

[1] Under Article 15, UCMJ, a commanding officer may, in addition to or in lieu of admonition or reprimand, impose one or more disciplinary punishments for minor offenses without the intervention of a court-martial, such as forfeiture of pay, restriction to certain specified limits, or extra duty.

superior commissioned officer for which he had previously received two Article 15s. At trial, the Government argued *Pierce* credit should only apply to the segmented sentences for the offenses previously punished under Article 15. The defense objected, arguing *Pierce* credit should apply to the sentence for all charges. The military judge agreed with the government and awarded appellant confinement credit only against the segmented sentences for offenses for which he previously received nonjudicial punishment.

On appeal, this court specified an issue of whether the military judge correctly applied *Pierce*. We find that he did and hold in cases with segmented sentencing, confinement credit under *Pierce* applies only to the term of confinement for the offenses previously punished under Article 15, UCMJ.

## BACKGROUND

The gravamen of the charged offenses is appellant's assault of the victim, a female servicemember. Following the assault, the appellant's company commander ordered appellant not to contact the victim. Appellant disobeyed this order twice – once on 13 November 2021 and again on 14 January 2022. For the first violation, appellant's company commander gave appellant, who was a Specialist (E-4) at the time, an Article 15, imposing punishment of reduction to E-3; forfeiture of $521 pay for two months; and fourteen days of extra duty and restriction. The commander suspended all punishments, to be automatically remitted if not vacated on or before 9 June 2022. Following appellant's second violation on 14 January 2022, the company commander vacated the suspension, executing all the previously suspended punishments from the first Article 15, and administered a new Article 15, imposing punishment of fourteen days of extra duty and fourteen days of restriction. The government then preferred charges against appellant including the offenses from the two Article 15s as Specifications 1 and 2 of Charge I.[2]

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of willfully disobeying a superior commissioned officer – the subject of the two Article 15s – and one specification of assault in violation of Articles 90 and 128, UCMJ, 10 U.S.C. §§ 890 and 928 (2018).

---

[2] The government also charged appellant in Charge II with two specifications of abusive sexual contact of the victim in violation of Article 120, UCMJ. At trial, appellant pleaded guilty to one specification by exceptions and substitutions of an assault consummated by a battery in violation of Article 128, UCMJ. Under the terms of the plea agreement, the government moved to dismiss the remaining Article 120 specification.

During presentencing, the military judge and the parties discussed the applicable *Pierce* credit. First, the parties agreed the Article 90 offenses from the two Article 15s were the same Article 90 offenses on the charge sheet.[3] The parties also agreed appellant should receive fourteen of days confinement credit for each Article 15 – or twenty-eight days total – but disagreed over how the military judge should apply the confinement credit under *Pierce*. The government argued the confinement credit should apply only to the sentences for the two Article 90 specifications: fourteen days credit applied to any sentence to confinement for the first Article 90 offense and fourteen days credit applied to any sentence to confinement for the second Article 90 offense. The defense argued the *Pierce* credit should apply to the sentence as a whole, which would include the term of confinement for the Article 128 offense as well. The plea agreement required all sentences to run concurrently. The plea agreement also required the military judge to adjudge between no confinement and, at most, three months of confinement for both Article 90 offenses and between three to six months of confinement for the Article 128 offense. Thus, any term of confinement adjudged for the Article 90 offenses would be subsumed by any term of confinement adjudged for the Article 128 offense.

After a recess, the military judge came back on the record:

> Rarely have I found myself in a position where I have no guidance whatsoever. On whether to blindly follow *Pierce* with a disregard to segmented sentencing and, frankly, with a disregard to the nature of the Article 15s themselves. If I were to do that, the argument would be the accused is getting credit where credit is not due. After all, if he received Article 15s for disobedience, he should get credit for the disobedience offenses. That's the one hand.

> On the other hand, if I'm going to follow the government's proposed solution, I'm in uncharted waters having to apply what used to be black-and-white sentencing credit principles . . . . But the appeal of the government's argument is that there's no danger of either over crediting the accused or under [ ]crediting . . . the accused with what he's entitled to.

---

[3] The charge sheet and the Article 15s name different superior commissioned officers who gave appellant the order, but the parties at trial agreed the charged offenses and the Article 15s referred to the same misconduct and *Pierce* applied.

> The court finds the government's argument more appealing and is where the court lands today. Because these Article 15s are so specific and are basically lifted from the Article 15s themselves to this charge sheet, the court can and does find as fact that the Article 15 punishments relate only to Specifications 1 and 2 of Charge I and not to the assault consummated by a battery offense.

The military judge confirmed appellant still wished to plead guilty and to be bound by the terms of his plea agreement in light of his ruling. The military judge then sentenced appellant to a bad-conduct discharge, fourteen days' confinement for the first Article 90 offense in Specification 1 of Charge I, thirty days' confinement for the second Article 90 offense in Specification 2 of Charge I, three months' confinement for the Article 128 offense in Specification 2 of Charge II, and reduction to E-2. All sentences to confinement were ordered to be served concurrently, per the terms of the plea agreement.

After announcing the sentence, the military judge ordered the appellant be given the following credit:

(1) a one rank credit against the sentence to reduction;

(2) a fourteen-day credit against the segmented sentence to confinement for the first Article 90 offense in Specification 1 of Charge I;

(3) a fourteen-day credit against the segmented sentence to confinement for the second Article 90 offense in Specification 2 of Charge I; and

(4) $1,142 against any automatic forfeitures.[4]

Because appellant's sentence included a punitive discharge, he was subject to automatic forfeitures under Article 58b, UCMJ, which requires automatic forfeitures of pay where the sentence includes either (1) confinement for more than six months or death, or (2) confinement for less than six months and a punitive discharge. 10

---

[4] The military judge and the parties believed appellant was entitled to credit for two months of forfeitures at the E-4 rank at $571 per month (for a total of $1,142) but because appellant's suspended rank reduction was also vacated, appellant's forfeitures were at the E-3 rank, which equated to $521 a month for two months or $1,042 in total forfeitures. This amount was reflected in the convening authority's action approving defense counsel's request to defer automatic forfeitures for thirteen days to give effect to the judge ordered *Pierce* credit.

U.S.C. §858b. After trial, the convening authority took no action on the findings or sentence but approved appellant's request for a thirteen-day deferment of automatic forfeitures "to provide relief for the $1,042 forfeited through non-judicial punishment and address the military judge's *Pierce* credit ruling."

## LAW AND DISCUSSION

Appellate courts review de novo whether an appellant is entitled to confinement credit. *United States v. Harris*, 78 M.J. 434, 436 (C.A.A.F. 2019) (citing *United States v. Smith*, 56 M.J. 290, 292 (C.A.A.F. 2002)). Because "*Pierce* credit has long been considered a form of confinement credit," we review the question of how to apply *Pierce* to segmented sentencing de novo. *United States v. Haynes*, 79 M.J. 17, 19 (C.A.A.F. 2019).

Under *Pierce*, our superior court held that while an accused could be court-martialed for the same offense for which nonjudicial punishment had already been imposed, an accused could not be twice punished. 27 M.J. at 369; *see also United States v. Gammons*, 51 M.J. 169, 180 (C.A.A.F. 1999) ("The purpose of Article 15(f) is to prevent the accused from being punished twice for the same offense as a matter of statutory law even though such successive punishment is otherwise permissible as a matter of constitutional law."). An accused, therefore, "must be given *complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe." *Pierce*, 27 M.J. at 369 (emphasis in original). Because the types of punishment imposed nonjudicially and judicially are not always identical, military judges use as a guide the 1969 Manual for Courts-Martial Table of Equivalent Nonjudicial Punishments, which is incorporated into the Military Judges' Benchbook. *See Manual for Courts-Martial*, United States (1969 Rev. ed.) [*MCM*], ¶ 131d; Dep't. of the Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 2-7-21 (29 Feb. 2020) [Benchbook].

At the time *Pierce* was decided, court-martial sentences were unitary. That is, there was only one sentence no matter the number of offenses of whichthe accused was found guilty. *United States v. Flores*, 84 M.J. 277, 280 (C.A.A.F. 2024) (citing *Jackson v. Taylor*, 353 U.S. 569, 570 n.1, 77 S. Ct. 1027, 1 L. Ed. 2d 1045 (1957) and Rule for Courts-Martial (R.C.M.) 1002(b) (2016 ed.)). Congress has since amended the UCMJ by adding language to Article 56, which eliminates "unitary sentencing in cases in which a military judge alone sentences the accused" and replaces it with "what might be called 'segmented' sentences." *Flores*, 84 M.J. at 280. At the time of appellant's court-martial, Article 56(c)(2) provided that "the military judge shall, with respect to each offense of which the accused is found guilty, specify the term of confinement, if any" and when the accused is sentenced

for more than one offense, "shall specify whether the terms of confinement are to run consecutively or concurrently." 10 U.S.C. 56(c)(2) (2018).[5]

Along with the changes to sentencing, following *Pierce*, Congress enacted automatic forfeitures. *See* National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106, §§ 1122(a)(1), 110 Stat. 186, 463 (1996) (enacting Article 58b).[6] Congress also drastically limited the convening authority's power to act on the findings and sentence. *Compare* Article 60, UCMJ (*MCM*, 2012) *with* Article 60a, UCMJ, (*MCM*, 2019).

Applying *Pierce*, we hold that confinement credit shall be applied only to the segmented sentence for the offense previously punished under Article 15, UCMJ and not to the total sentence to confinement when the accused is convicted of other offenses. This ensures an accused is not punished twice for the same offense while also ensuring the accused does not receive credit when no credit is due. Whether the military judge determines the sentences to confinement shall run concurrently or consecutively, the result is the same. The accused receives relief that is effective and meaningful towards the offense for which he has already been punished and not towards an offense for which he has not. *See United States v. Spaustat*, 57 M.J. 256, 263 (C.A.A.F. 2002) (stating the court's precedent contemplates "effective, meaningful relief" when applying confinement credit) (citation omitted).

We acknowledge that other credits towards confinement, such as Article 13 credit and pretrial confinement credit, are applied in a unitary fashion. *See e.g., United States v. Allen*, 17 M.J. 126, 127-28 (C.M.A. 1984) (requiring day-for-day credit for pretrial confinement); *United States v. Zarbatany*, 70 M.J. 169, 174-177 (C.A.A.F. 2011) (discussing confinement credit for Article 13 violations). But the nature of *Pierce* is different. *Pierce* credit is confinement credit tied to a specific offense and was judicially created to ensure an accused is not twice punished for

---

[5] Congress amended Article 56, UCMJ, in the National Defense Authorization Act for Fiscal Year 2022, effective 27 December 2023. Pub. L. No. 117-81, 135 Stat. 1551 (2021). The statute still requires military judges to specify whether terms of confinement are to run consecutively or concurrently when the accused is sentenced to confinement for more than one offense. *See* 10 U.S.C. 56(c)(4) (Supp. III 2021).

[6] Automatic reductions, on the other hand, had been in effect since 1956. *See MCM*, 1951, ¶126*e*, as amended by Exec. Order No. 10652, 21 Fed. Reg. 235 (12 January 1956) (providing that unless otherwise prescribed in Department regulations a court-martial sentence which as approved by the convening authority includes a punitive discharge or confinement with or without hard labor "immediately . . . reduce[s]" the accused to the lowest enlisted pay grade).

that offense. In contrast, other types of confinement credit are not so easily parsed. If an accused is ordered into pretrial confinement, the confinement is related to all the offenses. *Compare United States v. Harris,* 78 M.J. 434, 435-37 (C.A.A.F. 2019) (holding appellant not entitled to confinement credit served in a civilian confinement facility for offenses unrelated to his court-martial offenses). Similarly, if an accused suffers illegal pretrial punishment in violation of Article 13, UCMJ, the relief is for punishment suffered generally, not for punishment related to a particular offense. Moreover, there is no punishment to confinement in an Article 15 proceeding, which is not a criminal proceeding but merely an administrative process to enforce discipline. *Gammons,* 51 M.J. at 178 (stating "the relatively modest penalties available under [nonjudicial punishment] are not so excessive as to transform [nonjudicial punishment] into a criminal proceeding under the Double Jeopardy Clause"). While a court may transform the Article 15 punishment into a credit towards a sentence to confinement, the nature of the punishment is vastly different from a soldier entitled to credit for confinement pending trial.

We also acknowledge that not all *Pierce* credit can be applied in a segmented fashion. Rank reductions, reprimands, and forfeitures cannot be segmented. In appellant's case, rank reductions were not yet automatic and we agree with the way in which the military judge credited appellant with the rank reduction resulting from the Article 15s.[7]

Appellant argues that rather than providing relief against the automatic forfeitures, the military judge should have converted the forfeitures from the Article 15s into confinement credit using the table of equivalent punishments. Even if appellant is correct and the military judge should have converted the forfeitures to confinement credit, under our holding, any error is harmless because any additional confinement credit would apply only to the Article 90 offenses which ran concurrently with the Article 128 offense, which carried the greater sentence to confinement. Thus, appellant served no additional confinement because of any such error. Additionally, the convening authority's subsequent action in deferring automatic forfeitures to give effect to the military judge's ruling inured to appellant's benefit.[8]

---

[7] At the time of appellant's court-martial, the President had not yet delegated authority to the Secretary of the Army to establish the conditions for automatic reductions but has since done so. *See* R.C.M. 1102(b)(6)(B)); Exec. Order No. 14103, 88 Fed. Reg. 50564 (2 Aug. 2023).

[8] Appellant argues, under *Gammons,* he did not have the opportunity to decide whether the court-martial or the convening authority should apply the credit given and that it is unclear which party brought the *Pierce* issue to the military judge's

(continued . . .)

7

It should still be the rare case when the government court-martials an accused for the same offense for which the accused has already received nonjudicial punishment. In those rare cases, the accused must be given complete credit for any and all nonjudicial punishment suffered. Where segmented sentencing applies, the accused is entitled to complete confinement credit, day-for-day, against the segmented sentence for the offense previously punished under Article 15, UCMJ, and not towards any other term of confinement for other offenses not previously punished.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge WALKER and Judge PARKER concur.

FOR THE COURT:

// JAMES W. HERRING, JR.
Clerk of Court

---

(. . . continued)
attention. *See Gammons*, 51 M.J. at 179 (stating Article 15(f) makes the accused "the gatekeeper" on whether or when to bring the previously imposed nonjudicial punishment before the court or convening authority for consideration). We find this argument unpersuasive where trial defense counsel had previously marked the two Article 15s as exhibits, the military judge referred to the *Pierce* credit as a "motion raised by the defense," and there was no objection raised by appellant at trial. Additionally, in light of the amendments to limit a convening authority's post-trial action reflected in Article 60a and R.C.M. 1109, the convening authority may now be ill-suited to act on a post-trial request for *Pierce* credit.